UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP10, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT J. DEPIETRI, SR. and ROBERT J. DEPIETRI, JR., as Trustees of the Rosewood VIII Real Estate Trust, <br><br> Defendants. | Civil Action No.: 1:10-cv-10920 |

**VERIFIED COMPLAINT**

This is an action by U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP10 ("Plaintiff" or "Lender") to establish and recover the indebtedness of the defendants, Robert J. Depietri, Sr. and Robert J. Depietri, Jr., as Trustees of the Rosewood VIII Real Estate Trust ("the Depietris" or "Defendants"), pursuant to the terms of a promissory note and a mortgage and security agreement evidencing and securing a loan by the Lender in the original principal amount of $4,600,000. Incidental thereto, the Lender seeks the appointment of a receiver to take control of the business and properties of the Defendants and to dispose of those properties to satisfy, in whole or in part, the indebtedness of the Defendants to the Lender.

## I. PARTIES, JURISDICTION AND VENUE

1. The Lender has a main office of business at 800 Nicollet Mall, Minneapolis, Minnesota.

2. Robert J. Depietri, Sr. and Robert J. Depietri, Jr. are, upon information and belief, the trustees of a Massachusetts so-called "nominee" trust organized under the laws of the Commonwealth of Massachusetts and the Depietris have a principal place of business at c/o The Rosewood Companies, 40 Mechanic Street, Suite 300, Marlborough, Massachusetts.

3. This court may exercise subject matter jurisdiction because this is a suit between citizens of two different states and the amount in controversy exceeds the sum of $75,0000. Venue is appropriate in this judicial district because the real property that secures the indebtedness of the Defendants to the Lender is located in this judicial district.

## II. THE LENDER'S CLAIMS

4. On February 19, 2007, Lender entered into a loan arrangement with Defendants evidenced by, inter alia, a promissory note and mortgage and security agreement. A copy of the note ("Note") is annexed hereto as **Exhibit A**. The Note provides that the Defendants will pay to the Lender the sum of $4,600,000 in monthly installments of principal and interest. Absent a default, the entire principal balance and any unpaid interest and other charges is due and payable on March 1, 2017.

5. To secure the indebtedness of the Defendants to the Lender, the Defendants executed and delivered a mortgage and security agreement granting a first priority lien on the real and personal property of the Defendants. A copy of the mortgage and security agreement ("Mortgage") executed by the Defendants is annexed hereto as **Exhibit B.**

6. Paragraph 6 of the Note provides that it is an event of default if the Defendants fail to make regular scheduled monthly payments of interest or principal due under the Note on the applicable, specified payment date.

7. Defendants also executed and delivered a collateral assignment of leases and rents ("the Rent Assignment") whereby Defendants assigned to Lender all of Defendants' rights and interests in any rents or leases of the mortgaged property. A copy of the Rent Assignment is annexed here as **Exhibit C.**

8. Defendants failed to make timely payments beginning in September of 2009 and have failed to make all payments timely since that date. As a result of the Defendant's failure to timely make payments due under the Note, there has been an event of default under the Note, Mortgage, and Rent Assignment.

9. On April 20, 2010 Lender gave notice of default to the Defendants and an opportunity to cure and, when the Defendants failed to cure their default, on April 28, 2010 Lender, by its counsel, gave notice of default, notice of the acceleration of the entire outstanding principal balance, and demanded that the indebtedness be paid immediately and in full. Notwithstanding such demand, Defendants failed to repay the entire indebtedness.

10. Pursuant to the Mortgage, Defendants agreed that, in the event of a default, Lender would be entitled to the appointment of a trustee or receiver, if required by Lender. The Rent Assignment further provides that Lender may, either directly or by a receiver appointed by a court, take possession of the mortgaged property and manage, lease and operate that property without regard for the adequacy of the security.

## COUNT I
### (For Breach of the Note)

11.     Plaintiff repeats and reavers paragraphs 1 through 10 as though fully set forth herein.

12.     Defendants have breached the terms of the Note by failing to pay monthly payments of interest due thereunder in a timely fashion and by failing to pay the principal balance after the loan was accelerated.

13.     By virtue of the foregoing, Defendants are indebted to Lender in the amount of $5,207,691.17 as of May 21, 2010, together with interest and other charges and Lender's costs and attorneys' fees incurred in connection with Lender's enforcement of its rights and remedies.

## COUNT II
### (For The Appointment of the Receiver)

14.     Plaintiff repeats and reavers paragraphs 1 through 13 as though fully set forth herein.

15.     The Mortgage and Rent Assignment provide that Lender is entitled to the appointment of a receiver to manage, control, and dispose of the mortgaged property in the event of a default by Defendants. The Defendant's default under the Loan Agreement thus warrants the appointment of a receiver under Rule 66 of the Federal Rules of Civil Procedure.

16.     By virtue of the foregoing, Lender requests that this court appoint a receiver to exercise such powers and duties as this court may direct.

### III. RELIEF REQUESTED

WHEREFORE, Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP10, demands:

1.  With respect to Count I, that the court establish the indebtedness of the Defendants Robert J. Depietri, Sr. and Robert J. Depietri, Jr. to Lender in an amount to be determined and order the Defendants to pay such amount to Lender, together with interest, costs and attorneys' fees;

2.  That the court appoint John Ottenberg, Esquire or such other person as this court shall deem suitable, as the permanent receiver of the business and properties of Defendants with such powers and duties as this court shall determine; and

3.  That the court grant such other and further relief as it deems just and appropriate.

U.S. BANK NATIONAL ASSOCIATION,

/s/ Ken Krejca
Ken Krejca, Director
J.E. Robert Company, Special Servicer
Duly Authorized

By its attorneys,

/s/ Peter S. Brooks
Peter S. Brooks (BBO No. 058980)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

Dated:  June 2, 2010               pbrooks@seyfarth.com

5

## **VERIFICATION**

Then personally appeared before me this 2nd day of June, 2010, the above-named Ken Krejca, by me known, who made oath that he has read the foregoing Verified Complaint and that the facts set forth therein are true of his own personal knowledge, except for such facts as are alleged to be based upon information and belief and that, as to those, he believes these facts to be true.

    /s/ Mary E. Lites
Notary Public
My Commission Expires: