## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP10, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT J. DEPIETRI, SR. and ROBERT J. DEPIETRI, JR., as Trustees of the Rosewood VIII Real Estate Trust, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No.: 1:10-cv-10920 ) ) ) ) ) ) ) ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
## MOTION FOR APPOINTMENT OF A RECEIVER

Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP10, ("Plaintiff" or "Lender") hereby submits this Memorandum of Law in Support of its Motion for Appointment of a Receiver.

Paragraph 20 of the Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing executed by the parties (the "Mortgage," annexed to Verified Complaint as **Exhibit B**) provides that in the event of a default, Lender is entitled to apply for the appointment of a receiver to take control of, manage, and dispose of the properties, without notice and without regard for the adequacy of the security or the solvency of the Defendants.  This right is also

provided in the assignment of leases and rents (the "Rent Assignment," annexed to Verified Complaint at **Exhibit C**) at Paragraph 6.

### A.  The Defendants' Default Entitles Lender to the Appointment of a Receiver

The parties agreed in the Mortgage that upon any event of default, the Lender would be entitled to the appointment of a receiver.  Defendants failed to make timely installments of principal and interest and on April 28, 2010, Plaintiff sent a notice of default to Defendants declaring the entire outstanding principal balance of the loan, together with all accrued by unpaid interest, immediately due and payable.  Defendants have failed to cure their default and have failed to repay the entire indebtedness, which constitutes a default under §6(b) of the Note.  In light of this clear and material default, this Court should appoint a receiver in accordance with the parties' agreement.

This Court has previously held that a lender is entitled to the appointment of a receiver upon default of the borrower where the parties have so contracted.  *See United States v. Mountain Village Co.*, 424 F. Supp. 822, 825 (D. Mass. 1976).  In *Mountain Village*, the Court stated that where it was undisputed that a default had occurred, "at least under the terms of the mortgage, the plaintiff is thereby entitled to the appointment of a receiver without notice."  *Id.* The Court went on to address the borrower's objection to the Court's order appointing a receiver on the grounds that the provision in the mortgage agreement authorizing the appointment of a receiver upon default was invalid.  *Id.*  The Court flatly rejected that argument and concluded that the provision was valid, noting that "[d]ue process rights to a hearing and notice may be legitimately waived in a contract."  *Id.*

In so holding, the Court analyzed the First Circuit decision in *Garden Homes v. United States*, 200 F.2d 299 (1st Cir. 1952) [*Garden Homes I*].  While not squarely addressing the

precise issue, *Garden Homes I* supports the contention that a court can appoint a receiver without notice upon default where the parties so agree in the mortgage agreement.  In that case, the First Circuit stated that the borrower "concedes that under the terms of the mortgage the court below in the event of a default could without notice appoint a receiver to collect the rents, issues and profits due and becoming due during the pendency of a suit to foreclose." *Id.* at 301.[1]

The Court in *Mountain Village* then acknowledged that a later decision of the First Circuit in the *Garden Homes* line of cases supported this interpretation.  In *Garden Homes v. United States*, 207 F.2d 459 (1st Cir. 1953) [*Garden Homes II*], the First Circuit stated that "under the express terms of the mortgage itself the court below in the event of a default was empowered on the mortgagee's application to appoint without notice a receiver to collect the rents, issues and profits of the mortgaged premises due and becoming due . . . ." *Id.* at 459-60. The *Mountain Village* court thus determined that the First Circuit's prior law on the issue supported its holding that the mortgage provision was enforceable.

Finally, the Court analyzed various holdings and "strong dicta" in decisions of the First, Eighth, and Ninth Circuit Courts of Appeals, and concluded that "the mortgage provision appointing a receiver is valid and enforceable . . . ." 424 F. Supp. at 827-28.[2]  Thus, the law of this jurisdiction supports a finding that the Defendants' default alone is sufficient to justify the appointment of a receiver, based on the parties' agreement to that effect.

---

[1] The issue specifically addressed in *Garden Homes I* was whether the receiver appointed had been improperly granted powers in excess of those expressly bestowed upon him by the mortgage agreement.  200 F.2d at 300-01.

[2] *See also Pioneer Capital Corp. v. Environamics Corp.*, 2003 WL 345349, *9-10 (D. Me. Feb. 14, 2003) (quoting *Garden Homes II* and stating that "the First Circuit has suggested that the existence of an express contractual right to appointment of a receiver, coupled with 'adequate prima facie evidence of a default,' can be sufficient to warrant such an appointment," and further stating that "this approach seems . . . the right one in this case.")

**B.    The Appointment of a Receiver is a Superior Remedy to Foreclosure**

The loan at issue here is in a securitized pool and has matured without repayment.  The Trustee of the pool of loans is charged with maximizing the return for all of the investors in the pool.  Here, the Trustee's position is that a higher return can be achieved if the properties can be sold through a receiver as opposed to a liquidation.  In addition, the Trustee is constrained in handling the loan due to the tax laws and REMIC rules.  The flexibility provided by a receivership as opposed to a  liquidation will put the Trustee in a better position to maximize the return for the investors.

A higher purchase price is obviously preferable because it will result in a smaller deficiency to the Lender.  Since the loan is non-recourse and there is no economic guarantee for the loan, the Lender has no remedy in the event of a deficiency following foreclosure.  *See Mountain Village*, 424 F. Supp. at 828 (appointment of a receiver is supported where the parties' agreement relieved the general partners of the defendant mortgagor from personal liability for payments due under the note and mortgage, and thus "the mortgagee ha[d] no recourse for any deficiency after foreclosure").

Furthermore, in a sale by a receiver, the loan could potentially be assigned to and assumed by the purchaser.  Having the loan in place will increase the likelihood of finding a buyer, because the Lender is not in a position to offer a new loan.

For all of the foregoing reasons, sale by a receiver is preferable to foreclosure, and thus this Court should appoint a receiver.

## CONCLUSION

For all the foregoing reasons, Plaintiff requests that its Motion for Appointment of a Receiver be granted.

U.S. BANK NATIONAL ASSOCIATION,

By its attorneys,

/s/ Peter S. Brooks
Peter S. Brooks (BBO No. 058980)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801

Dated:  June 3, 2010                   pbrooks@seyfarth.com