UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP10<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT J. DEPIETRI, SR. and ROBERT J. DEPIETRI, JR. as Trustees of Rosewood VIII Real Estate Trust,<br><br>Defendants | Civ. A. No. 1:10-cv-10920 |

## SUPPLEMENTAL AFFIDAVIT OF ROBERT J. DEPIETRI, JR. IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF A RECEIVER

I, Robert J. Depietri, Jr., depose and state as follows:

1. The Plaintiff claims that the Defendants did not request a disbursement from the Capex Reserve[1] until October 20, 2009, at which point Plaintiff alleges Defendants were in default on the Note. This is incorrect. The Defendants first made a request for a disbursement from the Capex Reserve in the summer of 2008 and then at various times thereafter including July and October of 2009. The Plaintiff repeatedly refused the Defendants' requests. As a result of the Plaintiff's failure to release funds from the Capex Reserve, the Borrower was forced to utilize its own funds to make required roof and parking lot repairs, leaving the Borrower with insufficient funds to make one monthly loan payment in September 2009.

---

[1] Capitalized terms herein take their definitions from the Affidavit of Robert J. Depietri, Jr. in Opposition to Plaintiff's Motion for Appointment of a Receiver, which was filed in support of the Defendants' Opposition to the motion for a receiver on June 17, 2010.

1

2. The Plaintiff claims that the Defendants cancelled the Capex disbursement request on December 7, 2010. This is incorrect. The Plaintiff refused to honor the disbursement request, requiring that the Defendants comply with a number of onerous conditions, one of which was to obtain a lien waiver from Capeway Roofing Systems, Inc. The only way a lien waiver could be obtained, however, was if Capeway received payment for the roofing repairs that it had made to the Real Property. Yet, this was the very purpose of the disbursement request—to pay Capeway for the roofing repairs. By making the payment of the roofing repairs both a purpose and a condition to the disbursement request, the Plaintiff engineered a dilemma that prevented the Defendants from satisfying the disbursement requirements imposed by the Plaintiff. On or around December 7, 2009, the Plaintiff cancelled the request for disbursement on account of the Defendants' inability to meet the Plaintiff's conditions.

3. The Plaintiff claims that the tax escrow account needed additional funding in March 2010. This is incorrect. Pursuant to the terms of the Mortgage, the Tax Escrow is funded on the first day of each month by one-twelfth of the amount that would be sufficient to pay the taxes during the next twelve months. While it is true that the Tax Escrow had a zero balance in March 2010, this was due to a recent payment of taxes. The regular cash flows that the Tax Escrow would receive on the first of each month would have fully funded the account, given that property taxes had not increased at this time. There was simply no reason for the Plaintiff to divert two (2) months of loan payments, totaling approximately $73,682.46, to the Tax Escrow in March 2010, other than to make the Defendants appear as though they had defaulted on the Note.

I declare under the pains and penalties of perjury that the foregoing is true and correct.

Executed on July 21, 2010.

_____
Robert J. Depietri, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Supplemental Affidavit of Robert J. Depietri, Jr. in Opposition to Plaintiff's Motion for Appointment of a Receiver, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 21, 2010.

                                              /s/ Charles R. Bennett, Jr.
                                              Charles R. Bennett, Jr.