UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP10<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT J. DEPIETRI, SR. and ROBERT J. DEPIETRI, JR. as Trustees of Rosewood VIII Real Estate Trust,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. A. No. 1:10-cv-10920<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF DAVID DEPIETRI IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF A RECEIVER

I, David Depietri, being duly sworn, depose and state as follows:

1. I am familiar with the property owned by Rosewood VIII Real Estate Trust located at 60-65 South Street, Hopkinton, Massachusetts (the "Property"). I have reviewed the Affidavit submitted by Simon Lau in support of the Plaintiff's Request for Appointment of Receiver. In his Affidavit, Mr. Lau references representatives of Colliers, Meredith & Grew ("Colliers") evaluated the Property in March and June of 2010. We have not been furnished with copies of any reports prepared by Colliers regarding the Property, nor were we provided with an opportunity to comment thereon.

2. In paragraph 4 of Mr. Lau's Affidavit, he references certain "material deficiencies in the condition of the building." No such deficiencies exist.

3. In paragraph 4(a) of his Affidavit, Mr. Lau references atrium ceiling tiles as being water-stained and states that the stain is "suggesting active roof leaks." Mr. Lau's statement is false. The roof on the building was completely replaced approximately three years ago. Any water stains which appear on the tiles preceded the replacement of the roof and, in fact, preceded the loan. The tiles have not been replaced because the atrium ceiling is 40 to 45 feet above the floor and cannot be reached without installing extensive staging work, the cost of which is not warranted under the circumstances.

4. As to paragraph 4(b), as we advised Mr. Lau on April 1, 2010, elevator inspections happen once a year, and the elevator servicer coordinates those inspections with the state inspectors. The elevator in this building is on the list for the State to inspect, but the State has only four inspectors and has not had the opportunity to inspect these elevators. The appropriate application is on file with the State for an inspection, and so long as the application is on file with the State, the certificate is effective until the State can conduct its inspection.

5. With respect to paragraph 4(e) through (h), the owner is in the process of rebuilding the ramps. The major tenant for the Property has requested that the delivery ramps be removed and that the delivery docks be reconfigured. The owner is in the process of completing this work in accordance with the tenant's request.

6. Initially, in the fall of 2009, the owners began to rebuild the loading ramp, but the work was stopped when the tenant indicated it was considering an expansion of its Lease, which would have necessitated changes in the ramps. Subsequently, the tenant approved the expansion and the changes on the ramps, and construction is substantially completed.

7. As to paragraph 4(i), respecting the outer walls of the atrium, any determination is no more than usual and customary wear and tear, which the owners are addressing in the course of our usual maintenance program.

8. As to paragraph 4(j), relating to the parking lot, the parking lot is subject to common wear and tear. It is periodically repaired, and any cracks and potholes are patched.

9. With respect to these concerns, all of them were addressed by me in an email to Mr. Lau on April 6, 2010.

*Signed under the pains and penalties of perjury this* 21 *day of July, 2010.*

_____
David Depietri

570439

3

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Affidavit of David Depietri in Opposition to Plaintiff's Motion for Appointment of a Receiver, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 21, 2010.

                                                        /s/ Charles R. Bennett, Jr.
                                                        Charles R. Bennett, Jr.